■ In the Matter of THOMAS MARTIN, as Commissioner of Public Safety of the City of Glen Cove, et al., Petitioners, v. STATE OF NEW YORK COMMISSION FOR HUMAN RIGHTS (NEW YORK STATE DIVISION OF HUMAN RIGHTS), Respondent.— Proceeding pursuant to section 298 of the Executive Law to review an order of the State Commission for Human Rights [now the State Division of Human Rights], dated March 29, 1968, which directed the City of Glen Cove and certain of its officials to cease and desist from engaging in and committing the discriminatory practices of withholding from Negro applicants, because of their race or color, the right to become members in the City of Glen Cove Volunteer Fire Department, etc., in which proceeding said State Division of Human Rights made a cross motion to enforce said order. An order was made by the Supreme Court, Nassau County, dated March 10, 1969, referring the proceeding to this court for determination and said State Division appealed from this order; however, the Division's brief asks this court to determine the proceeding on the merits, thus abandoning its said appeal. Order of the commission annulled, on the law, and cross motion denied, without costs. The order of the State Commission was based on evidence of discriminatory practices which occurred prior to September 1, 1967, on which date legislation became effective to give the commission jurisdiction over discriminatory practices by volunteer fire departments, fire companies or fire corporations (L. 1967, ch. 628). The record contains no evidence of discriminatory practices subsequent to September 1, 1967. It is undisputed that after this date the City of Glen Cove Fire Department took all steps to eliminate the discrimination in question. The volunteer firemen involved herein are not employees of the City of Glen Cove and we find that prior to September 1, 1967 the commission lacked jurisdiction over discriminatory practices by volunteer fire departments, fire companies or fire corporations. We conclude that the commission lacked jurisdiction to make the order under review. We do not reach the question of whether the evidence supports the commission's finding of discrimination prior to September 1, 1967. Beldock, P. J., Christ, Munder, Martuscello and Kleinfeld, JJ., concur.

■ CHESTER M. JOHNSON, Respondent, v. M & A TRUCKING Co. et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Nassau County, entered January 7, 1969, which granted plaintiff's motion to remove the action from the District Court of Nassau County to the Supreme Court, Nassau County, and for other related relief. Order modified, on the law and the facts, by adding thereto a decretal provision that the granting of the motion is conditioned on plaintiff's submitting to a new physical examination if demanded by defendants upon 20 days' written notice. As so modified, order affirmed, with $10 costs and disbursements to respondent. In our opinion, under the facts disclosed, the Special Term properly exercised its discretion in permitting the removal of the action to the Supreme Court and in granting the other related relief. We feel, however, that the order should have been conditioned upon plaintiff's submitting to a new physical examination. Brennan, Acting P. J., Rabin, Hopkins, Martuscello and Kleinfeld, JJ., concur.